**Zane KING, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE,**
**Postmaster General, Defendant–**
**Appellee.**

**No. 01–1031.**

United States Court of Appeals,
Sixth Circuit.

June 14, 2002.

Before BOGGS, SILER, and MOORE,
Circuit Judges.

*ORDER*

Zane King appeals a district court order granting summary judgment to the defendant in this case brought under Title VII of the 1964 Civil Rights Act (Title VII), 42 U.S.C. § 2000e–16, et seq. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Seeking equitable and monetary relief, King alleges that he was fired from his job with the United States Postal Service ("Postal Service"), during his probationary period, because he is an African–American male, and because he previously engaged in protected activity or opposed unlawful discrimination. At the time of termination, King was a part-time flexible distribution clerk. King stipulated that a prima facie case for retaliation could not be made and consented to a dismissal of that claim only. After a period of discovery, the

Postal Service moved for summary judgment. The district court granted summary judgment, holding that even if King had established a prima facie case of discrimination, the Postal Service had a legitimate non-discriminatory reason for firing him. Reconsideration was denied. This timely appeal followed.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Assuming King satisfied the elements of a discriminatory discharge, the Postal Service articulated a legitimate, non-discriminatory reason for the decision to fire King. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Talley v. Bravo Pitino Rest., Ltd.,* 61 F.3d 1241, 1246 (6th Cir.1995). The Postal Service stated three separate reasons for terminating King's employment during his probationary period: poor attendance; failure to follow instructions without continual direction; and safety problems in starting the machine he was operating.

Once the Postal Service articulated a legitimate reason for the discharge, King was required to show that these reasons were a pretext for discrimination, either because they were unworthy of credence or because discrimination was a more likely reason for the discharge. *See Burdine,* 450 U.S. at 253–56. This is where King's case failed. It is clear that King's lack of punctuality and inefficient work habits could lead a reasonable supervisor to decide not to retain King. This evidence, combined with King's supervisor's undisputed record of non-discriminatory hiring/firing decisions, clearly establish that the Postal Service's reasons for terminat-

ing King's employment were not pretextual.

Accordingly, the district court's order should be affirmed.